KIRKLAND'S ADMINISTRATRIX vs. KIRKLAND and others.

1. It is not, in all cases, requisite that a person seeking to be made a party to a foreclosure suit by petition, should first cause the instrument under which he claims an interest in or lien upon the mortgaged premises, to be recorded, registered, entered, or filed.

2. Where the applicant has fully stated, in his petition, his title and interest, and whence and in what manner derived, he cannot be deprived of his right to be admitted a party to the suit, because he does not set out the instrument under which he claims, at length; it being alleged that the complainant holds the instrument, and refuses to deliver possession of it.

3. In such a case, a bill, in the nature of a cross-bill, may be filed to prevent the complainant from depriving the claimant, by means of the foreclosure, of the benefit of his interest.

Bill to foreclose. On petition of Stephen W. Whitney to be made a party defendant.

*Mr. E. A. S. Man*, for the petitioner.

*Mr. Cortlandt Parker*, for complainant.

THE CHANCELLOR.

The petitioner applies to be made a defendant in this suit, on the ground of his ownership of the mortgaged premises. He alleges that he purchased them at sheriff's sale, under an execution issued on the judgment in favor of the complainant, stated in the bill, and for the amount of which she seeks a decree, in addition to the amount claimed to be due to her on her mortgage, on which the bill is filed. The petitioner alleges that, after his purchase of the premises, the complainant's attorney received the deed from the sheriff for him, and now unjustly refuses to deliver it to him. A suit to compel the delivery, by the attorney, to the petitioner, of the sheriff's deed, is now pending in this court. The sheriff's sale, and the receipt of the sheriff's deed by the complainant's attorney,

took place before the commencement of this suit. This motion is resisted by the complainant. Her counsel urges that the petitioner cannot be permitted to intervene on his own application ; that he is a stranger to the suit, and that, having no legal title to the property, he is not within the provisions of the 78th section of the chancery act. (*Revision*, *p.* 73.) That section provides, that in any suit for foreclosure of a mortgage upon, or which may relate to, real or personal property in this state, any person claiming an interest in, or an encumbrance or lien upon, the property, by or through any conveyance, mortgage, assignment, lien, or any instrument which, by any provision of law, could be recorded, registered, entered, or filed in any public office of this state, and which shall not be so recorded, registered, entered, or filed at the time of the filing of the bill in the suit, may, on causing such conveyance, mortgage, assignment, lien claim, or other instrument to be recorded, registered, entered, or filed, as provided by law, cause himself to be made a party to the suit, by petition. That, under the circumstances of this case, the petitioner is entitled to be heard in regard to the subject matter of this suit, cannot be doubted. The only question is, as to the practice. He may file a bill, in the nature of a cross-bill, to prevent the complainant from depriving him, by means of the proceedings in this suit, of the benefit of his purchase under the execution ; or he may be admitted as a defendant in this suit. Aside from the fact that the complainant was aware of the existence of his claim, at the time of filing the bill, the petitioner's application is within the equity of the statute. The recording, registering, entering, or filing of the conveyance, mortgage, assignment, lien claim, or other instrument under which the interest or encumbrance is claimed, is not, in all cases, an essential prerequisite to obtaining the benefit of the statute. If, for any cause, such as the loss of an instrument, the petitioner is unable to comply with the preliminary requirement of the act, he will not thereby be debarred from the benefit of the provision. Especially will this be so, if, as is alleged in

the present case, the complainant withholds the instrument from him. The act provides, that the applicant shall set forth, in his petition, the instrument at length, and his title and interest, in such manner as to show that he has an interest in the subject matter, and is a proper party to the suit. The deed being in the hands of the complainant's attorney, who, the petitioner alleges, refuses to deliver it to him, the latter cannot be required to set it forth at length. He has stated fully his title and interest in the subject matter, and whence and in what manner derived. He is a proper party to the suit, and will be admitted according to the prayer of his petition.